## ATHEARN v. POPPE, AND BOURS v. WALSH.

WRIT OF ERROR TO THE SUPREME COURT OF THE UNITED STATES.—A writ of error does not lie to the Supreme Court of the United States from the judgment of the Supreme Court of this State, by which judgment it is decided that where a State School land warrant is located upon lands previously occupied and settled upon

by another, and pre-empted by him, under the laws of the United States, the patent issued by the State under the location is void, and the patentee cannot maintain an action against the pre-emptioner to recover possession of the same.

SAME.—The construction of an Act of Congress was not necessary in rendering such judgment, but the State law under which the warrant was located afforded a rule for the complete determination of the rights of the party who made the location.

APPLICATION for citation to the appellants on a writ of error from the Supreme Court of the United States issued by the Clerk of the Circuit Court for California to the Judges of the Supreme Court.

Judgments were rendered in the District Court, Fifth Judicial District, San Joaquin County, in favor of the plaintiffs. The defendants appealed, and the judgments were reversed by the Supreme Court at the April Term, eighteen hundred and sixty-four. The cases are not reported, the judgments having been reversed on the authority of *Terry* v. *Megerle*, 24 Cal. 609. The facts in these cases were similar to those of *Terry* v. *Megerle*.

*George Cadwalader*, for the citation.

*George W. Tyler*, against granting citation.

SANDERSON, C. J.

These are actions of ejectment. In the Court below the plaintiffs recovered judgment. The defendants appealed to this Court, and the judgments were reversed and the Court below directed to enter judgments in favor of the defendants. The plaintiffs now present writs of error directed to the Justices of this Court, issued by the Clerk of the Circuit Court of the United States for the Northern District of California, and ask that citations to the defendants in error may be issued. The plaintiffs claim title by virtue of the location of School land warrants and a patent issued by and under the laws of this State. The defendants claim title under the pre-emption laws of the United States. The defendants had occupied and

settled upon the lands in controversy as pre-emptioners under the laws of the United States prior to the location by plaintiffs of their School warrants under the laws of this State.

No opinions were delivered by the Court in these cases, but they were decided in general terms upon the authority of *Terry* v. *Megerle*, 24 Cal. 609, decided at the same term, the controlling questions in all three being similar in the judgment of the Court. Hence, the precise grounds upon which the decision of these cases was based does not appear, nor has it been specifically determined what questions were necessarily involved therein.

It is claimed that these cases fall within the third class mentioned in the twenty-fifth section of the Federal Judiciary Act of seventeen hundred and eighty-nine, which is described thus : " Or where is drawn in question the construction of any clause of the Constitution, or of a treaty, or statute of, or commission held under the United States, and the decision is against the title, right, privilege or exemption specially set up or claimed by either party, under such clause of the said Constitution, treaty, statute or commission ;" and it is argued that we have construed the eighth section of the Act of Congress of the 4th of September, 1841, entitled an Act " to appropriate the proceeds of the sales of the public lands and to grant pre-emption rights ;" and also the sixth section of the Act of March 3d, 1853, providing for the survey of public lands in California and the granting of pre-emption rights therein, and other purposes; and that we have decided against the title of the plaintiffs " specially set up or claimed" under those statutes. If this has been done and the same was necessary to a complete determination of these cases, the plaintiffs are undoubtedly respectively entitled to their citations.

In my judgment the construction of those statutes was not directly and necessarily involved in the final determination of these cases, for it may be conceded that the State's title to the land in question, under the Act of September 4th, 1841, was perfect and complete at the time the State land warrants of

80

the plaintiffs were located, and yet their title must fail under the very terms of the State Act by which their location was authorized. The third section of that Act reads as follows: "The parties purchasing such warrants, and their assigns, are hereby authorized, in behalf of this State, to locate the same upon any *vacant and unappropriated* lands belonging to the United States, within the State of California," etc.    *    *    *
By this section the plaintiffs were made the agents of the State for the purpose of locating their warrants, but they were expressly restricted to vacant and unappropriated lands. Hence, by the terms of the Act under which they claim to have obtained the State's title, their title fails, for the land in controversy was not at the time of their location vacant and unappropriated, but on the contrary was settled upon and occupied by the defendants with the right to pre-empt the same under the laws of the United States. The policy of the State, as indicated by the third section of the Act in question, was not to interfere with the rights of actual settlers upon public lands under the pre-emption laws of the United States; but had such been her policy the Act would have been so far inoperative on the ground of repugnancy to the laws of Congress, which, upon all questions touching the public lands of the United States, are paramount. It being conceded that the defendants were in the occupation of the land at the time the plaintiffs' location was made, the State law afforded a rule for the complete determination of their rights in the premises and no resort to Federal laws was necessary.

Citations denied.